# SECOND DEPARTMENT.

## GENERAL TERM, SEPTEMBER, 1874.

### MAHON v. HALL.

*Practice — appeal from judgment by default after answer struck out as frivolous.*

Defendant in a foreclosure suit put in an answer which was struck out as frivolous. From the order striking it out defendant appealed, and the order was affirmed, and judgment taken by default against defendant. From this judgment defendant appealed. *Held,* that the order striking out the answer was the law of the case until reversed on appeal, and the correctness of that decision could not be questioned by the general term in an appeal from the final judgment.

APPEALS by William A. Miller and Gilbert B. Weeks, from a judgment in an action to foreclose a mortgage. The action was brought in Kings county by George Mahon against John D. Hall, and numerous other defendants, of whom Miller was, and Weeks was not, one. Weeks appeared and answered, claiming to be the assignee of one of the defendants, a corporation. The only necessary further facts appear in the opinion.

*F. W. Earl,* for appellant Miller.

*John H. Lockwood,* for appellant Weeks.

*O. H. Stearns* and *H. C. Place,* for respondent.

TALCOTT, J. The defendant Miller and one Weeks appeal from the judgment, which is the ordinary judgment in a foreclosure case, and was taken against the appellants by default. Weeks, it seems, was not made a party to the suit at all; but he assumed to put in an answer setting up the defense of usury.

A similar answer was put in by Miller.   Each of the answers was, on motion, struck out as frivolous, and the order striking them out was affirmed by the general term of this department.   The judgment was taken as to the two appellants by default for want of answer.   They now appeal from the judgment, and seek to draw in question the decision by which the answers were held to be frivolous.   This they cannot do.

The order striking out the answers as frivolous constitutes the law of the case until reversed on appeal, and the correctness of the decision cannot be questioned on appeal from the final judgment to the general term of this court.   Whether it can be reached in the court of appeals by an appeal from the final judgment is for that court to determine.   The decision of the general term of this court on the validity of the answers was pronounced when the order of the special term striking them out as frivolous was affirmed.

The judgment is affirmed, with costs of the appeal.

*Judgment affirmed.*